LANSBURGH & BROTHER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23125.   Promulgated May 6, 1931.

*Ben Jenkins, Esq., A. F. Prescott, Jr., Esq.,* and *Earle W. Wallick, Esq.,* for the petitioner.

*Brooks Fullerton, Esq.,* for the respondent.

OPINION.

SMITH: Section 234 (a) of the Revenue Act of 1924 provides in part:

In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \* .

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise. \* \* \*

Article 142 of Regulations 65, promulgated under the provisions of the Revenue Act of 1924, provides in part:

\* \* \* When a taxpayer buys real estate upon which is located a building, which he proceeds to raze with a view to erecting thereon another building, it will be considered that the taxpayer has sustained no deductible loss by reason of the demolition of the old building, and no deductible expense on account of the cost of such removal, the value of the real estate, exclusive of old improvements, being presumably equal to the purchase price of the land and building plus the cost of removing the useless building.

In this proceeding the petitioner contends that it is entitled to deduct from its gross income of the fiscal year ended January 31, 1924, $56,920 as a loss sustained by it in the demolition of a building upon property acquired by it in November, 1922, at a total cost of $143,750. It contends that the property was purchased as an investment, and for the purpose of obtaining control of the lot, and especially to prevent its acquisition by a competitor; further, that prior to its acquisition there had been no discussion by the officers of the petitioner of the possibility of building on it in the near future and that it was not purchased with that intention in view. It further contends that when it could not obtain a tenant for the premises at what it regarded as a fair rental, it determined to raze the building and that in doing so it sustained a loss of the difference between the fair value of that building, which it contends was approximately $60,000, and the salvage value received therefrom, namely, $500.

From a consideration of the entire record we can not escape the conclusion that the petitioner purchased the real estate in question with the intention of eventually razing or remodeling the Rathskeller Building or eventually erecting a commercial building upon the site. The rental which had been received by the previous owners of the property was unquestionably a grossly inadequate return upon an investment of $143,750. One of petitioner's valuation witnesses testified that the property in the condition that it was in at the time it was purchased would not rent readily and was not suitable for the lot or for a commercial retail business.

When the petitioner acquired the property it was apparently of the impression that the tenant would vacate the premises within the near future. The tenant had been served with a notice to vacate on June 23, 1922. Under the lease the tenant had only six months from that date within which to occupy the premises. The petitioner apparently relying upon the fact that it would soon have possession of the premises, in January, 1923, or within approximately two months after it had acquired title to the premises, instructed its architect to prepare plans for the erection of another building upon the site. The tenant, Schneider, did not vacate the premises as was expected. He resisted the demand to vacate and the petitioner, on May 17, 1923, instituted suit to dispossess him. The tenant had about that time, or shortly thereafter, entered into negotiations for the purchase of a building on Eleventh Street. By agreement of petitioner with the tenant in September, 1923, he was permitted to continue as tenant but at double the rental for a period. But, it was provided that either party to the lease could terminate the same upon sixty days' written notice.

The petitioner contends that when it received notice from Schneider in October, 1923, that he would not continue as a tenant at the agreed rental of $8,000 per annum beyond December 31, 1923, it sustained a loss of the difference between the fair market value of the building at the time it was acquired, less depreciation to the date of razing, and the salvage value. This contention is not supported by the facts in the case. Long prior to September the petitioner had planned to raze the building.

The facts in this case are much the same as those which obtained in the *Liberty Baking Co.* case, 6 B. T. A. 1270, in which the Board disallowed a deduction of loss for the demolition of a building. That company paid the tax, filed a claim for refund, and, at the expiration of six months brought suit for refund of the tax paid in the United States District Court for the Western District of Pennsylvania. That court considered the matter on its merits and decided:

On the merits of the case, the plaintiff is not entitled to recover. The item of $11,000 for demolition of buildings was not a deductible loss. This property, as it stood, was bought for the purpose of enlarging the plaintiff's plant. There was no loss sustained because of the demolition which was in contemplation at the time the property was bought. * * * (*Liberty Baking Company* v. *Heiner*, 34 Fed. (2d) 516.)

The Liberty Baking Company appealed the case to the Circuit Court of Appeals for the Third Circuit, 37 Fed. (2d) 703, and the decision of the District Court was affirmed in an opinion which also approved as an existing rule of law article 142 of Regulations 45.

We fail to see wherein the petitioner sustained a deductible loss by reason of the demolition of the Rathskeller Building. Undoubtedly, the Rathskeller Building would have been razed at a much earlier date had the petitioner's calculations not miscarried by reason of the unwillingness of the tenant to vacate after he had been served by the former owner with a notice to vacate at the end of six months. The mere delay of the date of razing the Rathskeller Building does not, in our opinion, warrant a conclusion that the petitioner sustained a deductible loss. The action of the respondent in disallowing the claimed deduction is sustained. Cf. *Arthur H. Ingle*, 1 B. T. A. 595.

*Judgment will be entered under Rule 50.*